UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bryan Avrey,

          Plaintiff,

vs.

Tyler Edwards, acting in his Individual
Capacity as a Minneapolis Police Officer,

          Defendant.

Case No.

**COMPLAINT**

**JURY TRIAL DEMANDED
UNDER FRCP 38(b)**

---

For his Complaint, Plaintiff Bryan Avrey ("Avrey"), hereby states and alleges as follows:

1. This is an action for money damages for injuries sustained by Avrey as a result of the use of excessive force and violation of his constitutional rights by on-duty Minneapolis Police Officer, Tyler Edwards ("Edwards"). Edwards's conduct violated Avrey's well-settled federal civil rights while acting under color of state law.

2. Avrey was, at all times material hereto, a 27-year-old, male Citizen of the United States of America, residing in the State of Minnesota.

3. Edwards was, at all times material hereto, a duly appointed and acting peace officer of the Minneapolis Police Department, located in Minneapolis, Minnesota.

4. Avrey brings this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth Amendment to the United States Constitution and 28 U.S.C. §§ 1331 and 1343(3). The aforementioned statutory and constitutional provisions confer original jurisdiction of this Court over this matter.

5.  In the early morning hours of April 1, 2012, around 1:00 a.m., Avrey was riding home in a cab after a night out celebrating with his friends. The cab driver refused to take Avrey to his destination and instead dropped him off at a gas station, where the cab driver and Avrey got into an argument.

6.  The police were called to the gas station and Edwards responded to the scene with his partner, Cheryl-Leigh Goodman. After the officers arrived, Avrey approached Edwards and tried to tell Edwards that the cab driver had stolen Avrey's iphone.

7.  Edwards noticed that Avrey was intoxicated and, after some discussion with Avrey, decided to arrest Avrey for disorderly conduct.

8.  Edwards placed Avrey in handcuffs, with Avrey's arms clasped together behind his back.

9.  Edwards then placed Avrey up against the trunk of Edwards's squad car, stood directly behind Avrey, and began searching him.

10. While Avrey's hands were in handcuffs behind his back and while Edwards was searching him, Edward's slammed Avrey's head forward onto the trunk of the squad car and then grabbed Avrey by his wrists and forcefully threw him face-first onto the cement.

11. Avrey immediately lost consciousness and began making snoring sounds, prompting Edwards to direct his partner to order an ambulance code 3 (lights and siren flashing) for Avrey.

12. Avrey was taken by ambulance to HCMC, where an ER doctor noted that Avrey was critically ill.

13. Avrey was admitted to HCMC and given head CT scans that showed multiple

facial fractures as well as a 5 mm epidural hematoma anterior to the left temporal lobe and adjacent to the middle cranial fossa, and moderate left proptosis (forward displacement of the eyeball).

14. Avrey was discharged from the hospital on April 3, 2012.

15. Avrey suffered symptoms of traumatic brain injury long after his discharge as over a year later he still suffered from poor short-term memory, an inability to concentrate, blurred and double vision, and headaches.

16. Additionally, Avrey suffered permanent and unwanted scarring on his face from where he impacted the cement.

17. Avrey incurred over $34,000 in medical special damages as a direct and proximate result of Edwards's unconstitutional conduct.

18. Avrey accepted responsibility for his actions that night and pled guilty to a misdemeanor charge of disorderly conduct; nothing that warranted the type and level of force used by Edwards.

19. By the actions described above, Edwards, under color of state law, violated and deprived Avery of his clearly established and well-settled civil rights to be free from unreasonable seizures and the use of excessive and unreasonable force in violation of the Fourth Amendment.

20. Edwards subjected Avrey to these deprivations of his rights in such a manner as to render Edwards liable for punitive damages.

21. As a direct and proximate result of Edwards's acts and omissions, Avrey suffered serious and permanent injuries, was forced to endure pain, suffering, and emotional

distress, and was damaged in an amount exceeding Two Hundred Fifty Thousand ($250,000.00) Dollars.

22. Punitive damages are available against Edwards and are hereby claimed as a matter of federal common law pursuant to *Smith v. Wade*, 461 U.S. 30 (1983), in an amount exceeding Two Hundred Fifty Thousand ($250,000.00) Dollars.

23. Avrey is entitled to recovery of his costs, including reasonable attorneys' fees under 42 U.S.C. § 1988.

24. Plaintiff demands a jury trial on all issues of fact herein.

WHEREFORE, Plaintiff Bryan Avrey prays for judgment against Defendant Tyler Edwards as follows:

1. A money judgment against Defendant Tyler Edwards for compensatory and punitive damages in an amount in excess of Five Hundred Thousand ($500,000.00) Dollars, together with his costs, including reasonable attorneys' fees under 42 U.S.C. § 1988, and prejudgment interest; and

2. For such other and further relief as this Court deems just and equitable.

GASKINS BENNETT BIRRELL SCHUPP L.L.P.

Dated: 1/29/14

*/s/ Ryan O. Vettleson*
Robert Bennett, #6713
Ryan O. Vettleson, #312915
333 South Seventh Street, #3000
Minneapolis, MN 55402
Telephone: 612-333-9500
rbennett@gaskinsbennett.com
rvettleson@gaskinsbennett.com
Attorneys for Plaintiff